IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:16-CV-00418-FL

| | |
|---|---|
| **Lana E. Elmquist**, <br><br> Plaintiff, <br><br> v. <br><br> **United Parcel Service**, et al., <br><br> Defendants. | **Order &** <br> **Memorandum & Recommendation** |

Plaintiff Lana Elmquist asks the court to allow her to proceed against against Defendants United Parcel Service ("UPS") and Michael Ervin Jenerette without paying the required filing fee or other costs normally associated with a civil lawsuit (otherwise known as proceeding "*in forma pauperis*" or "IFP"). D.E. 1. In connection with its evaluation of this request, the court must also examine the viability of Elmquist's claims. The court must dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary damages from a party who is immune from such relief. 28 U.S.C. § 1915(e).

After reviewing Elmquist's financial affidavits, the court grants her application to proceed IFP. D.E. 1. The court also finds that Elmquist's complaint survives frivolity review and may proceed forward.

I. **Background**

On December 21, 2016, Elmquist, proceeding pro se, submitted a Motion to Proceed IFP and a Complaint. D.E. 1, 1-1. Elmquist's Complaint named UPS and Jenerette, an employee at UPS, as as Defendants. D.E. 1-1.

In her Complaint, Elmquist alleges that the she is employed by UPS and that Jenerette is her supervisor there. She contends that Jenerette has sexually harassed her and that his unwelcome behavior has created a hostile work environment. Specifically, Elmquist asserts that Jenerette exposed himself to her, threatened to terminate her employment, and made inappropriate remarks to her. As a result of this conduct, Elmquist alleged she has suffered emotional distress and pain.

## II. Analysis

### A. Application to Proceed in District Court without Prepaying Fees or Costs

In order to be considered for IFP status, a party must submit an affidavit regarding their monthly income and expenses. A review of the Elmquist's IFP Motion (D.E. 1) reveals that her monthly income does not greatly exceed her monthly expenditures. The court finds that she lacks sufficient resources to pay the required filing fee and other costs associated with litigation. Therefore, her Application is granted and she may proceed without full prepayment of costs.

### B. Screening under 28 U.S.C. § 1915

#### 1. Overview

In addition to determining whether Elmquist is entitled to IFP status, the court must also analyze the viability of the claims contained in the Complaint. 28 U.S.C. § 1915(e). The court reviews a complaint to eliminate those claims that unnecessarily impede judicial efficiency and the administration of justice. Specifically, the court must dismiss any portion of the complaint it determines is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* at § 1915(e)(2)(B).

A complaint fails to state a claim upon which relief may be granted if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Supreme Court has explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Elmquist's status as a *pro se* party relaxes, but does not eliminate, the requirement that her complaint contain facially plausible claims. The court must liberally construe a *pro se* plaintiff's allegations, but it "cannot ignore a clear failure to allege facts" that set forth a cognizable claim. *Johnson v. BAC Home Loans Servicing, LP*, 867 F. Supp. 2d 766, 776 (E.D.N.C. 2011).

## 2. Application

Elmquist alleges the she endured sexual harassment and a hostile work environment. The court construes Elmquist's Complaint as alleging a cause of action for sex discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2. Title VII prohibits discrimination in the workplace on the basis of sex: It shall be an unlawful employment practice for an employer to ... discriminate against any individual ... because of such individual's ... sex. 42 U.S.C. § 2000e–2. Additionally, attached to Elmquist's complaint is a Right to Sue letter issued by the Equal Employment Opportunity Commission on a discrimination complaint made to that agency on these claims. D.E. 1-2 at 1; *see* 42 U.S.C. § 2000e–5(e)(1). It appears that she has satisfied the necessary prerequisites to filing a claim in this forum, and the Complaint, on its face, does not clearly establish that Elmquist is not entitled to relief.

However, to the extent Elmquist attempts to bring a cause of action against Jenerette as her supervisor, the claims are subject to dismissal. The Fourth Circuit has unequivocally held that supervisors are not liable in their individual capacities under Title VII. *Lissau v. Southern Food Serv., Inc.*, 159 F.3d 177, 180 (4th Cir. 1998) ("An analysis of Title VII's language and its remedial scheme leads us to join the other circuit courts and conclude that supervisors are not

3

liable in their individual capacities for Title VII violations."). Accordingly, Jenerette should be dismissed as a Defendant to this action.

The complaint contains sufficient facts to give notice to Defendant UPS of the claims asserted. The Court thus finds that it is sufficient to survive review under 28 U.S.C. § 1915(e)(2).

## III. Conclusion

The motion for leave to proceed in forma pauperis (D.E. 1) is GRANTED. It ordered that the Clerk is directed to file the complaint. IT IS FURTHER ORDERED that the Clerk issue the summons and the United States Marshal serve a copy of the complaint, summons and this order upon Defendant UPS. All costs of service shall be advanced by the United States.

The undersigned recommends that Jenerette be dismissed as a party to this action.

Furthermore, the court directs that the Clerk of Court serve a copy of this Memorandum and Recommendation on plaintiff. Plaintiff shall have until 14 days after service of the Memorandum and Recommendation on plainitff to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If plaintiff does not file written objections to the Memorandum and Recommendation by the foregoing deadline, plaintiff will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above,**

**and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, plaintiff's failure to file written objections by the foregoing deadline will bar plaintiff from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846-47 (4th Cir. 1985).**

Dated: January 3, 2017

_____
Robert T. Numbers, II
United States Magistrate Judge