IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:16-CV-418-FL

| | | |
|---|---|---|
| LANA E. ELMQUIST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| UNITED PARCEL SERVICE and | ) | |
| MIKE ERVIN JENERETTE, | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on the Memorandum and Recommendation ("M&R") (DE 4) of United States Magistrate Judge Robert T. Numbers, II, wherein it is recommended that plaintiff's action be allowed to proceed in part following frivolity review under 28 U.S.C. § 1915(e). Plaintiff has advised the clerk of court that she has no objections to the M&R. In this posture, the issues raised are ripe for ruling. For the following reasons, the court adopts the M&R and allows plaintiff's claims to proceed against defendant United Parcel Service and dismisses all claims against defendant Mike Ervin Jenerette.

**DISCUSSION**

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life

& Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Under 28 U.S.C. § 1915(e)(2), the court may dismiss an action that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint may be found frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint fails to state a claim if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," sufficient to "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). In evaluating whether a claim has been stated, "[the] court accepts all well-pled facts as true and construes those facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement [,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

In her complaint, plaintiff alleges that she was subject to sexual harassment and a hostile work environment, while employed with defendant United Parcel Service, due to conduct by her supervisor defendant Mike Ervin Jenerette. She attaches a Notice of Suit Rights letter issued by the U.S. Equal Employment Opportunity Commission including further factual details regarding her claim. The court construes plaintiff's complaint as alleging a cause of action for sex discrimination and hostile work environment under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42

2

U.S.C. §§ 2000e-2 & 2000e-5(e)(1). See Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993). A Title VII claim may be brought against a plaintiff's "employer." Id. § 2000e-2(a). Accordingly, plaintiff's action may proceed against defendant United Parcel Service. By contrast, plaintiff's action must be dismissed against defendant Mike Ervin Jenerette. See Lissau v. Southern Food Serv., Inc., 159 F.3d 177, 180 (4th Cir. 1998).

The court directs the clerk to file plaintiff's complaint, including all exhibits thereto, and to issue the summons to defendant United Parcel Service. Pursuant to Federal Rule of Civil Procedure 4(c)(3), the court DIRECTS that service be made by a United States marshal or deputy marshal upon defendant United Parcel Service, with costs of service borne by the United States.

**CONCLUSION**

Based on the foregoing, and upon considered review of the M&R and the record in this case, the court ADOPTS the M&R. (DE 4). Plaintiff's claims against defendant Mike Ervin Jenerette are DISMISSED WITH PREJUDICE. Plaintiff's claims against defendant United Parcel Service are allowed to proceed upon frivolity review. The court DIRECTS the clerk to file plaintiff's complaint, including all exhibits thereto, and to issue the summons to defendant United Parcel Service. Pursuant to Federal Rule of Civil Procedure 4(c)(3), the court DIRECTS that service be made by a United States marshal or deputy marshal upon defendant United Parcel Service, with costs of service borne by the United States.

SO ORDERED, this the 26th day of January, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge